WILLIAM SHEMIN, PLAINTIFF-APPELLEE, v. MORRIS J. STEINBERG, DEFENDANT-APPELLANT.

Submitted January 19, 1937—Decided February 5, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *William Rubin.*

For the plaintiff-appellee, *David Schneiderman* and *Irving Charles Picker.*

BODINE, J.   Plaintiff, an attorney-at-law, recovered damages by reason of injuries suffered when he sprained his ankle while leaving an office building owned by the defendant situate in the city of Bayonne.   There was a common hallway with stairs leading to the offices reserved by the landlord for the common use of his tenants.   At nine o'clock in the evening, it was the custom to lock the outer door and turn off the lights in the hallway.   All the tenants had keys furnished by the landlord by the use of which they could open the outer door and go to their offices as occasion might require.   This custom had been followed for a long time.

The plaintiff desiring to obtain some clippings from the Facts Publishing Company, a tenant in the building, chanced upon one of its reporters, who had a key to the outer door of the building.   At about ten o'clock in the evening they unlocked the outer door and went to the publishing company's office in order to procure the desired clippings.   On the way out, the plaintiff caught his foot in a depression in the floor, which had been caused that day by the removal of some loose tile which the landlord was going to have replaced.

The landlord having furnished his tenants and their employes with a means of ingress and egress, after closing hours, was under an implied duty to them and to their guests to see that reasonable care was exercised, to the end that the passageways and stairs should be reasonably fit and safe for their use. In many apartment houses, it is the custom to lock the outside door and to provide the tenants with means for unlocking the same for their convenience and that of their guests. Such circumstance does not alter any rule of law.

There was no complaint that the plaintiff suffered his injury because of lack of light, which would have presented another situation. *Leech* v. *Atlantic Delicatessen Co.,* 104 *N. J. L.* 381; *Solomon* v. *Finer,* 115 *Id.* 404. The complaint and proofs in support thereof rested the case squarely upon the existence of a defect in the common way caused by the act of the landlord in improperly making the repairs which he had undertaken.

The plaintiff states that the sole question raised on the appeal is, whether the plaintiff had established his status as an invitee of the tenant, and whether under the evidence he became an invitee of the defendant landlord. Under the proofs adduced the jury could find the latter.

The owner or occupier of land is, of course, only liable within the confines of his invitation. *Ryerson* v. *Balhgale,* 67 *N. J. L.* 337; *Bonfield* v. *Blackmore,* 90 *Id.* 252; *Guse* v. *Martin,* 96 *Id.* 262. And usually a landlord is not liable for injuries to a tenant's guests. *Bolilho* v. *Mintz,* 106 *Id.* 449. But these are all cases where there had been no reservation by the landlord of possession or control of passageways and stairways for the common use of his several tenants and those having occasion to visit them.

"The utmost that can be done is to state in general terms the controlling principle that the liability of an owner or occupier for the condition of his premises arises where the plaintiff was induced to make the use of the premises, in the course of which he sustained the injury sued for, by express invitation, or by invitation to be implied from acts and conduct of the defendants. The gist of the liability consists in the fact that the person injured did not act merely

on motives of his own, to which no act or sign of the owner or occupier contributed, but that he entered the premises because he was led by the acts or conduct of the owner or occupier to believe that the premises were intended to be used in the manner in which he used them, and that such was not only acquiesced in, but was in accordance with the intention or design for which the way or place was adapted and prepared or allowed to be used." *Phillips* v. *Library Co.,* 55 *N. J. L.* 307, 314.

It has become firmly settled in our law, however, that: "Where a landlord lets out portions of a building to several tenants, retaining in his own possession or control the passageways and stairways for the common use of the tenants and those having occasion to visit them, he is under the *responsibility of a general owner of land* who holds out an invitation to enter upon and use his property, and is bound to see that reasonable care is exercised to have the passageways and stairways reasonably fit and safe for such use." *Buda* v. *Dzurelzko,* 87 *N. J. L.* 34.

Such a landlord is under a duty to keep such places in a reasonably safe condition and is liable, in the event of failure so to do, for injuries to tenants and their guests. *Siggins* v. *McGill,* 72 *N. J. L.* 263; *Kargman* v. *Carlo,* 85 *Id.* 632; *Hahner* v. *Bender,* 101 *Id.* 102.

Certainly, it was open to the jury to say whether the repairs were being made in a reasonably careful manner. Under the proofs it was clear that the landlord retained control of the passageway where the injury occurred, and would be bound to the duty of reasonable care to see that it was reasonably safe and that the repairs were made in a reasonably careful manner. *Kelly* v. *Lembeck & Betz Eagle Brewing Co.,* 86 *N. J. L.* 471; *affirmed,* 87 *Id.* 696. The plaintiff had a right of action against the landlord. *Durant* v. *Palmer,* 29 *Id.* 544; *Krieg* v. *Timken,* 102 *Id.* 307.

The landlord having reserved the common hallway and stairs, and having assumed the repairs of the tile work was under a duty to exercise reasonable care in so doing. *Guensch* v. *Third Presbyterian Church,* 109 *N. J. L.* 78.

The issues were clearly for the jury, and they could find, as they did, that one visiting an office in the building accompanied by one of the tenant's employes, in order to make a purchase, was impliedly invited so to do by the landlord and would be entitled to recover for damages suffered by reason of a defective condition in the floor in the common passageway in the building caused by improper or faulty repair work there being undertaken by the landlord. The case was presented to the jury by the learned trial judge in a charge which correctly stated the law applicable.

The judgment is affirmed, with costs.